MEMORANDUM *
Mayak Stepanian, a native of Iran and an adherent of the Armenian Christian faith, appeals from the Board of Immigration Appeals’ (“BIA”) affirmance of the Immigration Judge’s (“U”) order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252 and we vacate and remand to the BIA for clarification.
1. We cannot meaningfully review the BIA’s decision because the BIA is unclear as to the standard of review it applies to the IJ’s decision. The BIA first purports to review the IJ’s decision for clear error. In such cases, “we review ... the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ’s oral decision in support of those reasons.” Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir.2008). The BIA also cites Matter of Burbano, 20 I. & N. Dec. 872 (BIA 1994), however, which suggests that the BIA “adopts the IJ’s decision in its entirety,” Arreguin-Moreno v. Mukasey, 511 F.3d 1229, 1232 (9th Cir.2008) (internal quotation marks omitted), and which means that “we review the IJ’s decision as if it were that of the BIA,” Abebe v. Gonzales, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc) (internal quotation marks omitted). Here, the BIA fails to mention the singular ground on which the IJ denied the petition — the adverse credibility finding. If the BIA conducted an independent review, because it was “silent on the issue of credibility, despite an IJ’s explicit adverse credibility finding, we may presume that the BIA found the petitioner to be credible.” Krotova v. Gonzales, 416 F.3d 1080, 1084 (9th Cir.2005). If the BIA adopted the IJ’s decision under Burbano, we would review the IJ’s adverse credibility finding instead. See Abebe, 432 F.3d at 1040. Such inconsistencies prevent adequate appellate review and require clarification.
*379 2. The incongruity with respect to the standard of review must be viewed in light of the other errors plaguing the BIA’s decision. The BIA noted Stepanian’s country of removal as Armenia, not Iran, and cited to the Uganda Country Report, not the Iran Country Report. Even if we were to credit the government’s description of these as typographical errors — and overcome concerns regarding boilerplate opinions, see Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995) — it remains that the BIA may have fundamentally misunderstood the IJ’s decision. The IJ expressly based its adverse credibility finding only on the inconsistency regarding where the police struck Stepanian and explicitly disavowed a credibility finding based upon the inadmissibility of corroborating documents. In contrast, the BIA expressly relies on the “lack of credible corroborating documents” as support for the IJ’s decision. Without acknowledging this inconsistency, the BIA specifically cites the page of the IJ’s decision on which the IJ declined reliance on a lack of corroborating documents. Cf. Abebe, 432 F.3d at 1040 (“If the BIA intends to constrict the scope of its opinion to apply to only one ground upon which the IJ’s decision rested, the BIA can and should specifically state that it is so limiting its opinion.”). Further, the government’s belated suggestion at oral argument that we read the BIA’s and the IJ’s decisions together — the approach we have taken in other cases in which the standard of review chosen by the BIA was unclear, see Ahmed v. Keisler, 504 F.3d 1183, 1190-91 (9th Cir.2007) — is practically unworkable in light of such irreconcilable differences. On remand, the BIA must choose a standard of review and must “provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner’s case received individualized attention.” Ghaly, 58 F.3d at 1430.
VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.